Michael David Douglas, Esq.
THE LAW OFFICE OF MICHAEL DAVID DOUGLAS
1328 Berryman Canyon
Encinitas, CA 92024
(760) 815-3453
mdouglas@mddlegal.com

Attorney for Petitioner MARC PICOT

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC PICOT, an individual and foreign litigant,<br><br>                    Petitioner,<br><br>        re:<br><br><br>DOCUSIGN, INC., a Delaware corporation,<br><br>                    Respondent. | Case No.: 3:25-mc-80213<br><br>**PETITION OF MARC PICOT (A FOREIGN LITIGANT) TO OBTAIN DISCOVERY FROM RESPONDENT DOCUSIGN, INC. PURSUANT TO 28 U.S.C. § 1782** |

   Petitioner, Marc Picot ("Petitioner"), a foreign litigant in a proceeding underway in Chandigarh, India, submits this Petition for an order from this Court to permit the issuance of a Subpoena pursuant to Federal Rule of Civil Procedure 45 to Respondent, Docusign, Inc. ("Respondent" or "Docusign").

## I.   **INTRODUCTION**

   Petitioner is an interested person involved in a proceeding in Chandigarh, India against a third-party to this Petition, Code Brew Labs (the "India Proceeding"). 28 U.S.C. § 1782 allows this Court to permit Petitioner to serve a subpoena on Respondent, which is a resident of the State of California by virtue of having its principal place of business in the Northern District of California. The subpoena in question seeks documents and information from Respondent regarding the authenticity of a contract pertinent to Petitioner's dispute with Code Brew Labs in India.

Allowing such discovery by way of an order from this Court is permissible under the circumstances and parameters of 28 U.S.C. § 1782 given (1) Respondent resides in this District, (2) the discovery sought will be material to the India Proceeding and (3) Petitioner is an "interested person" in the India Proceeding.  For these reasons, the Court should issue an order allowing a subpoena to be served upon Respondent pursuant to the Federal Rules of Civil Procedure.

**II.     THIS COURT HAS JURISDICTION TO PERMIT THE DESIRED DISCOVERY**

28 U.S.C. § 1782(a) provides, in pertinent part, that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal."  28 U.S.C. § 1782(a).  The term "person" in 28 U.S.C. § 1782(a) is intended to refer to any individual or organization residing in the district in question. *See e.g.*, *Kiobel v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 244 (2d Cir. 2018). Docusign's principal place of business in San Francisco, California, which is within this District.  (*See* Petitioner's Request for Judicial Notice in Support of Petition to Obtain Discovery, Exhibit 1.) Accordingly, this Court has the jurisdictional power pursuant to 28 U.S.C. § 1782(a) to order the issuance of the subpoena in question.

**III.     THE DOCUMENTS SOUGHT ARE PERTINENT AND ADMISSIBLE IN THE INDIA PROCEEDING, THEREFORE, THIS COURT SHOULD EXERCISE ITS DISCRETION TO PERMIT DISCOVERY FROM RESPONDENT**

Given 28 U.S.C. § 1782(a) states the Court "*may* order" the production of a document or other thing, granting this Petition is subject to the Court's discretion.  *See Kiobel*, 895 F.3d at 244. The United States Supreme Court, in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264, 265 (2004), delineated factors to guide a district court's discretionary analysis. First, the Court should consider whether the party from which the discovery is sought is a party to the foreign litigation.  *Id*. at 264.  Respondent in this matter is not a participant in the Indian Proceeding.

Secondly, district courts should evaluate the nature of the foreign proceeding, the character of the same and the receptiveness of the foreign court/tribunal to assistance from a United States Court. *Id*.  Here, Petitioner seeks discovery from Respondent (a third-party not involved in the India Proceeding) to establish that an agreement presented to Petitioner by Code Brew Labs falsely and fraudulently presented a Docusign Envelope ID to create the perception that the document was

1  subject to the protections provided by Docusign's platform. Code Brew Labs denies Petitioner's

2  allegation in this regard and this issue will be pertinent to the India Proceeding.  Therefore,

3  Petitioner seeks to go straight to the source and pursue discovery directly from Docusign (a resident

4  of this District) for evidentiary support in the India Proceeding.

5       In addition to the two *Intel* factors discussed above, District courts shall also consider

6  whether utilizing United States discovery procedures in foreign proceedings is part of an effort to

7  circumvent discovery procedures present in the foreign jurisdiction.  That is not the case here.

8  Petitioner is not aware of any law in India precluding the admission of evidence obtained and/or in

9  the possession, custody or control of a third-party in the United States.

10      Finally, the discovery sought from Respondent is neither "unduly intrusive or burdensome."

11 *See Intel*, 542 U.S. at 265 (listing a fourth discretionary guideline/factor).  Petitioner simply seeks

12 audit logs, IP addresses and signature authentication data, among other relevant records, associated

13 with the purported Docusign Envelope ID reflected on the document presented to Petitioner by

14 Code Brew Labs.  Such information should be readily available and within the exclusive possession,

15 custody and control of Respondent.  Accordingly, the Court should issue an order permitting

16 Petitioner to serve a subpoena to that end on Respondent pursuant to the Federal Rules of Civil

17 Procedure.

18 **IV.    CONCLUSION**

19      For the foregoing reasons, Petitioner's request should be granted, and the Court should issue

20 an order allowing Petitioner to serve Respondent with a subpoena requesting the documents

21 described herein.

22 Dated:  July 28, 2025                    **THE LAW OFFICE OF**
                                          **MICHAEL DAVID DOUGLAS**

23

24                                    *Michael Douglas*

25                                    Michael David Douglas, Esq.
                                      Attorney for Petitioner, MARC PICOT

26

27

28